*534 OPINION.
Rove :
The petitioner’s contention is that he received only $50,000 for his interest in the Palace Hotel property, and hence derived no profit from its sale. He denies the notes were received by Baker on his (petitioner’s) account or that he ever had any interest therein or received any of the proceeds. He explains the receipt of the notes by Baker as being payment' of the commission of $50,000 which the latter was to receive upon the sale of the property, and that his permitting Baker to get his commission at that time was the consideration for Baker’s agreement to pay petitioner one-half of Baker’s share of any net profits.
On the other hand, we have in evidence the written offer to sell. Petitioner states this was prepared by Baker, at whose request he signed it without more than glancing at it. However, the paper was signed by petitioner and accepted by Andrews, by his signing it. It states explicitly that the consideration for petitioner’s interest shall bo $50,000 in cash and ten notes of $5,000 each. It is difficult to comprehend why all three parties should be satisfied to have the consideration thus expressed if it did not correspond with the facts. We do not think petitioner’s explanation overcomes the weight of this document as evidence. He would, in any event, not have been liable for the whole of Baker’s commission. We do not question his testimony that tlie notes were retained by Baker. Their retention by Baker is entirely consistent with the respondent’s finding that they were received and were retained in the light of petitioner, since the latter received from Baker a right to participate in Baker’s share of any profit. It also appears that petitioner received a substantial amount from Baker’s estate on account of claims he asserted against Baker on account of this and another real estate transaction.
Judgment will be entered for the respondent,